UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Otis Lynn Short,<br><br>                    Petitioner,<br><br>     v.<br><br>Warden Willie Eagleton and Henry McMaster, Attorney General of the State of South Carolina,<br><br>                    Respondents. | C/A No. 8:05-2915-GRA-BHH<br><br><u>ORDER</u> |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and issued on July 25, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on October 12, 2005. Respondents filed a motion for summary judgment on February 6, 2006. On February 7, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner responded on March 9, 2006. The magistrate recommends granting Respondents' motion for summary judgment and dismissing this action.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner filed objections to the Report and Recommendation on August 15, 2006.

Petitioner first objects that the magistrate relied strictly on Respondent's Motion for Summary Dismissal and prejudicially re-framed the issues, thus ignoring the central causes of action in the petition for *habeas corpus*. The Court has reviewed the petition for *habeas corpus* and finds that the magistrate accurately

reported petitioner's claims. "Essentially, the petitioner is contending that he is erroneously serving a 10-year sentence which has expired. Additionally, the petitioner raises numerous issues relating to his 1990 trial...." Report p. 5. Although petitioner presents eight (8) grounds for relief, many of these are duplicative. "OTIS LYNN SHORT is innocent (sic) of the crime." Petition p. 5. "[T]he sentence on the crime in 1989 had been canceled and expired." Memo p. 13. In petitioner's objections, he states that "[t]he central cause of action in this case pertains to the manner in which [petitioner] was taken into custody without respect to due process." Objection p. 5. This issue will be addressed in response to petitioner's third objection.

Petitioner objects that there are numerous unresolved issues of material fact that preclude summary judgment at this stage. It is undisputed that petitioner was convicted and sentenced on April 20, 1990 and that his appeal to the Supreme Court of South Carolina was dismissed on June 24, 1991. Petition p. 1-2. Until the present *habeas corpus* petition, petitioner admits that he has sought no other postconviction relief. Petition p. 2-3. It is undisputed that petitioner was sentenced to serve ten years in South Carolina to run consecutive to his North Carolina sentence, Petition Exhibit A, p. 6, and that the South Carolina detainer on petitioner was removed at the request of the South Carolina Department of Corrections on June 27, 1997. Petition Exhibit A, p. 1. Petitioner claims there is a factual dispute as to whether the detainer was erroneously removed. It is immaterial whether the detainer was removed accidentally or intentionally. It is undisputed that petitioner has not served

his ten-year sentence in the South Carolina prison system. The sentence has not expired and this was the sole reason given for removing the detainer. Return Exhibit 10.

Petitioner objects that the magistrate's legal analysis of *Hawkins v. Freeman*, 195 F.3d 732 (4th Cir. 1999) is erroneous and inapplicable to this case. Petitioner argues that his case is distinguishable from *Hawkins* because in this instance, he was released by North Carolina officials and then unlawfully apprehended by South Carolina officials. *Hawkins* involved a prisoner who was mistakenly granted parole by North Carolina officials and then reincarcerated by North Carolina officials.

The interstate aspect of this case does not render *Hawkins* inapplicable. The state of South Carolina imposed a valid sentence on petitioner in 1990 and filed a detainer with North Carolina. That detainer was a claim against petitioner for a sentence that had not yet been served. South Carolina officials removed petitioner's detainer while operating under the belief that his sentence had expired – it had not. The situation is no different than if North Carolina officials had released petitioner mistakenly before his sentence was fully served, and so *Hawkins* is applicable to these facts.

Petitioner argues that the manner in which he was taken from North Carolina by South Carolina officials was illegal and violated his due process rights. Petitioner was afforded due process through the 1990 trial and subsequent opportunity to appeal. Furthermore, as the Supreme Court held in *Frisbie v. Collins*, 342 U.S. 519,

545-546 (1952):

> [T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'…due process of law is satisfied when one present in court is convicted of crime after having been fully apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

The *Frisbie* case held that a defendant who alleged he was taken across state lines illegally prior to his trial and conviction could not claim a violation of his due process rights; *a fortiori*, a person who has already been convicted cannot claim a violation of his due process rights when state officials take him into custody and place him in prison to serve the remainder of his sentence. In *Brooks v. Blackledge*, 353 F. Supp. 955 (W.D.N.C. 1973), the Court held *Frisbie* applicable to a case in which a convicted person escaped and was forcibly brought back across state lines without extradition. The Court noted that nothing in the Constitution requires that past convictions be set aside because of later violations of constitutional rights.

Petitioner objects that the magistrate's legal analysis regarding statute of limitations matters is erroneous. Petitioner's claims relating to the validity of his

conviction in 1990 are subject to a one-year statute of limitations that began to run on April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Therefore, petitioner is barred from contesting the validity of his 1990 conviction. This does not bar petitioner from contesting his reincarceration in 2005, and the magistrate so held.

Petitioner argues that the Court may look past state procedural forfeiture to decide his case on the substantive merits, but AEDPA is a <u>federal</u> law governing when a Court may hear a petition for *habeas corpus*. This Court may not look past the clearly stated intent of Congress.

Petitioner's fourth numbered objection merely argues points made elsewhere in his Objections and addressed herein, and thus the Court will not re-visit those issues.

Petitioner's final objections are that the magistrate erroneously refused to appoint counsel to petitioner or afford him an evidentiary hearing. The constitutional right to appointed counsel extends to the first appeal of right but no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a *habeas* petitioner if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The Court must appoint counsel if it decides that an evidentiary hearing is necessary. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. In this case, the magistrate determined that an

evidentiary hearing was not necessary because the case could be decided on the basis of the state court record. The magistrate further decided that appointment of counsel was not necessary because petitioner had proven capable of presenting his case without the assistance of an attorney.

Petitioner argues that the magistrate's denial of counsel and an evidentiary hearing was premature. The Court disagrees. The order itself made clear that petitioner could renew his motion for appointment of counsel at any time or the Court could raise the issue on its own motion. Furthermore, petitioner did in fact renew his motion, and the magistrate denied it on the same grounds after having opportunity to review the entire record. Therefore, the magistrate's ruling was not premature.

Petitioner argues that the magistrate had no state court record to review and thus an evidentiary hearing was necessary. However, the respondents produced numerous state court documents. *See* Return Exhibit 1 (indictment), Return Exhibits 3 & 4 (portions of trial transcript), and Return Exhibit 5 (sentence). The Court finds that an evidentiary hearing was not necessary because the magistrate properly concluded that the state court record provided sufficient information to form the basis of his Report and Recommendation.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September 6, 2006.

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.